IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| DANNY LYNN ELECTRICAL & PLUMBING, LLC, et al., ) ) ) ) Plaintiffs, ) ) v. ) ) ) VEOLIA ES SOLID WASTE ) SOUTHEAST, INC., et al., ) ) Defendants. ) | CIVIL ACTION NO. 2:09cv192-MHT (WO) |

OPINION AND ORDER

Relying on Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. ___, 129 S.Ct. 1937 (2009), it is ORDERED that the defendants' motion to dismiss (Doc. No. 123) is:

(1) Granted as to plaintiffs' RICO claims, alleged pursuant to 18 U.S.C.A. § 1962 et seq., but with leave to file an amended complaint, setting forth amended RICO claims, within 14 days from the date of this order. Plaintiffs have failed to plead facts to show that at least two of the defendants are separate entities.  See

United States v. Goldin Industries, Inc., 219 F.3d 1268, 1271 (11th Cir. 2000) (en banc) (holding that for purposes of 18 U.S.C. § 1962(c), there must be a RICO person distinct from the RICO enterprise alleged). Rather, plaintiffs have acknowledged in their complaint that "Veolia Southeast is a wholly owned subsidiary of VES," and "VESNA is the parent company of VES." Sec. Am. Comp. ¶¶ 31-32 (Doc. No. 122). While the Eleventh Circuit Court of Appeals has not squarely addressed this issue, see United States v. Goldin Industries, Inc., 219 F.3d 1271, 1276 n.7 (11th Cir. 2000) (expressly reserving the question whether "wholly-owned subsidiaries conducting a pattern of racketeering activity through an enterprise comprised only of themselves and the parent corporation" could be RICO defendants), it has noted that "Congress' intention in § 1962(c) to target a specific variety of criminal activity includes the exploitation and appropriation of legitimate businesses by corrupt individuals, not merely the use of an enterprise to swindle third parties." United States v. Browne, 505

F.3d 1229, 1273 (11th Cir. 2007) (internal quotation marks and citation omitted).

In addition, the most other circuits have held that a parent company and its wholly owned subsidiaries cannot form an "enterprise" for RICO purposes.  See, e.g., Bucklew v. Hawkins, Ash, Baptie & Co., LLP., 329 F.3d 923, 934 (7th Cir. 2003) ("A parent and its wholly owned subsidiaries no more have sufficient distinctness to trigger RICO liability than to trigger liability for conspiring in violation of the Sherman Act . . . unless the enterprise's decision to operate through subsidiaries rather than divisions somehow facilitated its unlawful activity."); Bessette v. Avco Financial Services, Inc., 230 F.3d 439, 449 (1st Cir. 2000) ("In most cases, a subsidiary that is under the complete control of the parent company is nothing more than a division of the one entity.   Without   further   allegations,   the   mere identification of a subsidiary and a parent in a RICO claim fails the distinctiveness requirement."); Fogie v.

3

THORN Americas, Inc., 190 F.3d 889, 898 (8th Cir. 1999) (holding that "as a matter of law a parent corporation and its wholly owned subsidiaries are legally incapable of forming a conspiracy with one another."); Brannon v. Boatmen's First Nat. Bank of Oklahoma, 153 F.3d 1144, 1149 (10th Cir. 1998) ("It is insufficient ... merely to assert that a defendant corporation accused of racketeering is a subsidiary and therefore automatically conducts the affairs of its parent"; the plaintiff instead must show how the relationship between the subsidiary and parent "allowed the [subsidiary] to perpetrate or conceal the alleged mail fraud."); Brittingham v. Mobil Corp., 943 F.2d 297, 302-303 (3d Cir. 1991) (requiring "additional allegations" beyond the subsidiary-parent relationship to "constitute the enterprise through which a defendant parent corporation conducts racketeering activity."), overruled on other grounds by Jaguar Cars, Inc. v. Royal Oaks Motor Car Co., 46 F.3d 258 (3d Cir. 1995); Chagby v. Target Corp., 358

Fed.Appx. 805, 808 (9th Cir. 2009) (holding that allegations of an enterprise between a parent "and its wholly-owned subsidiaries fail[] to meet the distinctiveness requirement of civil RICO claims."); Discon, Inc. v. NYNEX Corp., 93 F.3d 1055, 1064 (2d Cir. 1996) (holding that subsidiaries and a parent company cannot be liable under RICO where "the individual defendants were acting within the scope of a single corporate structure, guided by a single corporate consciousness."), vacated on other grounds by NYNEX Corp. v. Discon, Inc., 525 U.S. 128 (1998).

    (2) Denied as to plaintiffs' breach-of-contract claim. While defendants have attempted to provide evidence that the contract clauses at issue are not identical, as claimed by plaintiffs, "[t]he scope of ... review must be limited to the four corners of the complaint" when ruling on a motion to dismiss. St. George v. Pinellas County, 285 F.3d 1334, 1337 (11th Cir. 2002). The court must therefore "accept[] the facts

alleged in the complaint as true and draw[] all reasonable inferences in the plaintiff's favor." Id. Based on plaintiffs' allegations in the complaint, a valid breach-of-contract claim has been pled.

(3) Denied as to the unjust-enrichment claim.

(4) Granted as to the spoliation claim. While the Alabama Supreme Court has recognized an independent negligent-spoliation claim in the third-party context, it has otherwise made clear that it does not "recognize such a cause of action when the spoliator was a defendant in an action ... filed by a plaintiff whose evidence was lost or destroyed." Smith v. Atkinson, 771 So.2d 429, 432 (Ala. 2000). In Florida, as well, spoliation is not recognized as an independent tort. See Jimenez v. Community Asphalt Corp., 968 So.2d 668, 671 (Fla. App. 2007) (noting that the Florida Supreme Court has "explained that discovery sanctions under the rules of civil procedure provide enough protection against a defendant who destroys, damages, or misplaces

evidence."). Should sufficient evidence of spoliation be brought forth, discovery sanctions "are [] available to remedy the injustice caused by spoliation." Smith, 771 So.2d at 438.

DONE, this the 9th day of December, 2010.

                                  /s/ Myron H. Thompson
                               UNITED STATES DISTRICT JUDGE