IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANNY LYNN ELECTRICAL, *et al.*, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | CIVIL ACT. NO.  2:09CV192-MHT |
| ) | (WO) |
| VEOLIA ES SOLID WASTE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**OPINION and ORDER**

**I.  Introduction**

On November 17, 2011, the plaintiffs filed a Motion for Sanctions due to Defendants' Spoliation of Electronic Evidence.  (Doc. No. 401.)  On February 2, 2012, the defendants filed a Response to the Motion for Sanctions.  (Doc. No. 418.)  On February 15, 2012, the plaintiffs filed a Reply in Support of the Motion for Sanctions.  (Doc. No. 427.)  On February 16, 2012, this court held oral argument on the motions.  Upon consideration of the parties' motions and responses and the representations of counsel during oral argument, this court concludes that the Motion for Sanctions is due to be denied.

**II.  Jurisdictional Authority**

A magistrate judge may issue an order on a "pretrial matter not dispositive of a party's claim or defense."  FED.R.CIV.P. 72(a).  Consequently, "magistrate judges have jurisdiction to enter sanction[] orders for discovery failures which do not strike claims, completely preclude defenses or generate litigation ending consequences."  *Point Blank*

*Solutions, Inc. v. Toyobo America, Inc.*, No. 09-61166-CIV, 2011 WL 1456029, at *2 (April 5, 2011) (citing Practice Before Federal Magistrates, § 16.06A (Mathew Bender 2010) ("discovery sanctions are generally viewed as non-dispositive matters committed to the discretion of the magistrate judge unless a party's entire claim is being dismissed")). To determine whether a discovery sanction is dispositive, "the critical factor is what sanction the magistrate judge actually imposes, rather than the one *requested* by the party seeking sanctions." *Point Blank Solutions, Inc.*, *supra* (citing *Gomez v. Martin Marietta Corp.*, 50 F.3d 33, 1511, 1519-20 (10th Cir. 1995)).

Magistrate judges in this circuit frequently enter orders in cases where parties seek sanctions for spoliation. For example, in *Evans v. Mobile County Health Department*, No. CA 10-0600-WS-C, 2012 WL 206141 (S.D. Ala. Jan. 24, 2012), a magistrate judge recently ordered sanctions, including an adverse inference instruction and an award of attorney's fees and expenses, based on the defendant's destruction of computer evidence. *See also, e.g, Point Blank Solutions*, *supra* (denying plaintiff's Motion for Determination of Spoliation of Evidence and Appropriate Sanctions); *Denim North America Holdings, LLC v. Swift Textiles, LLC*, No. 4:10cv45 (CDL), 2011 WL 3962278 (M.D. Ga. Oct. 4, 2011) (determining there was no evidence that plaintiff's employees destroyed email in bad faith). Because the court concludes that sanctions are not warranted under the circumstances of this case, the court's ruling is non-dispositive and may be determined by a magistrate judge pursuant to FED.R.CIV.P. 72(a).

### III. Discussion

Plaintiffs argue that the defendants "have blatantly disregarded their duty to preserve

electronic information in this case." (Doc. No. 401, p. 1.) Specifically, the plaintiffs claim that the defendants failed to implement an effective litigation hold, deleted nine individuals' e-mail accounts, continued the implementation of an auto-delete function which permanently deletes any email in a trash folder after ten days, and sent notices to employees advising that they should delete emails to conform to email account size limits after litigation began.  The plaintiffs request the court to issue sanctions against the defendants for the spoliation of electronic evidence, including monetary sanctions, adverse evidentiary inferences, and the striking of affirmative defenses.  (*Id*., p. 19.)

In *Evans v. Mobile County Health Department*,  No. CA 10-0600-WS-C, 2012 WL 206141 (S.D. Ala., Jan. 24, 2012), the court summarized the applicable law regarding the spoliation of evidence as follows:

> " 'Spoliation' is the 'intentional destruction, mutilation, alteration, or concealment of evidence.'" *Swofford v. Eslinger,* 671 F.Supp.2d 1274, 1279 (M.D.Fla.2009) (citations omitted). In *Flury v. Daimler Chrysler Corp.,* 427 F.3d 939 (2005), *cert. denied,* 548 U.S. 903, 126 S.Ct. 2967, 165 L.Ed.2d 950 (2006), the Eleventh Circuit held that federal law governs the imposition of spoliation sanctions since "spoliation sanctions constitute an evidentiary matter." 427 F.3d at 944 (citations omitted). Even though federal law governs, because the Eleventh Circuit has not set forth specific guidelines for imposition of spoliation sanctions, "courts may look to state law principles for guidance so long as the principles are consistent with [general] federal spoliation principles [that do exist]." *Southeastern Mechanical Services, Inc. v. Brody,* 657 F.Supp.2d 1293, 1299 (M.D.Fla.2009); *see also Flury,* 427 F.3d at 944 (examining spoliation factors enumerated in Georgia law since the Eleventh Circuit had not set forth specific guidelines and Georgia law on the subject was wholly consistent with federal spoliation principles and also recognizing that since dismissal represents the most severe sanction available to a federal court it should only be exercised where there is a showing of bad faith and where lesser sanctions will not suffice). . . .
>
> The Alabama Supreme Court has applied the following five factors

> in analyzing a request for spoliation sanctions: "(1) the importance of the evidence destroyed; (2) the culpability of the offending party; (3) fundamental fairness; (4) alternative sources of the information obtainable from the evidence destroyed; and (5) the possible effectiveness of other sanctions less severe than dismissal." *Story v. RAJ Properties, Inc.,* 909 So.2d 797, 802–803 (Ala.2005) (citation omitted).
>
>> Although the Eleventh Circuit has looked to state law in analyzing spoliation of the evidence, the Eleventh Circuit has also outlined the boundaries of sanctionable conduct under federal law. In *Flury,* the Eleventh Circuit explained that dismissal is the most severe sanction available, and should only be used where there is a showing of bad faith and where lesser sanctions will not suffice. In describing the standard governing bad faith, the Eleventh Circuit explained that the law does not require a showing of malice, but that instead, in determining whether there is bad faith, a court should weigh the degree of the spoliator's culpability against the prejudice to the opposing party.
>
> *Ray v. Ford Motor Co.*, 792 F.Supp.2d 1274, 1279 (M.D. Ala. 2011). . . .
>
> "Sanctions the Court may impose against a [party] for spoliation include, but are not limited to, the following: default judgment[/dismissal], adverse inference or rebuttable presumption instructions to the jury, striking pleadings, and an award of fees and costs incurred by the injured party as a result of the spoliation." *Swofford, supra,* 671 F.Supp.2d at 1280, citing *Flury,* 427 F.3d at 945.

*Evans*, 2012 WL 206141, at *10 -11 (footnotes omitted).

The court concludes that sanctions on the basis of spoliation of evidence are not warranted in this case. First, the court questions whether any spoliation of electronic evidence has actually occurred. Spoliation is defined as the "'the intentional destruction of evidence or the significant and meaningful alteration of a document or instrument.'" *Managed Care Solutions, Inc. v. Essent Healthcare, Inc.*, 736 F. Supp. 2d 1317 (S.D. Fla. 2010) (case denying spoliation sanctions based on destruction of emails) (quoting *Southeastern Mechanical Services, Inc. v. Brody*, 657 F.Supp. 2d 1293, 1299 (M.D. Fla.

2009)). Spoliation also includes the intentional concealment of evidence. *Managed Care Solutions*, *supra* (citing *Walter v. Carnival Corp.*, No. 09-20962-CIV, 2010 WL 2927962 at *2 (S.D. Fla. July 23, 2010). In this case, there is no evidence that any of the alleged emails, with the exception of the few that were accidentally deleted due to a computer virus or other unforseen circumstance, were permanently deleted from the defendants' computer system. It is undisputed that monthly backups of email since 2009 have been permanently preserved by VESNA on backup tapes. (Doc. No. 418, Ex. 10.) On August 25, 2010, VESNA began preserving daily and weekly email backups. (*Id*.) On August 1, 2011, VESNA began using a new software system which archives all emails on the VESNA network.[1] (*Id*.) Therefore, it is clear to the court that the defendant preserved email from its custodians in a backup or archive system. The court, therefore, cannot conclude that the defendants destroyed the evidence in this case.

The court also notes that the April 25, 2011, Order granting the Joint Motion for Entry of Agreed Order includes the parties' suggested method for obtaining data from the live email system, as well as backup tapes and archives. (Doc. No. 268.) The parties jointly agreed and the court ordered that all emails from backup tapes for the months of January, April, July, and October beginning with 2003 and ending with 2010 for the 82 custodians would be provided to the plaintiffs. (*Id*., p. 1-2.) It is the court's understanding that, after 2010, the defendants continued to supply emails in a similar

---

[1] Shortly after implementation of the new system during the Fall of 2011, daily and weekly backups were temporarily stopped for approximately one month. (Doc. No. 418, Ex. 10.)

manner to the plaintiffs, purchased expensive document review technology, and hosted a database for them at a cost of $10,000 a month. In addition, the plaintiffs' filing of the Motion for Sanctions is late in the proceedings. The plaintiffs waited one week before the November 25, 2011, discovery deadline[2] and seven months after entering into their agreement concerning the method of obtaining email to file their Motion for Spoliation Sanctions against the defendants.

    Secondly, the court concludes that the defendants have not acted in bad faith. The court's impression is that the defendants have expended great effort to insure that the plaintiffs receive information from both their live and archived email system by providing document review technology and allowing access to its database. More importantly, this is not the first time the plaintiffs have raised this particular issue before the court. During oral argument on September 28, 2010, the court considered whether the defendants had an effective litigation hold policy and an "auto-delete function" on their email system. (Doc. No. 121.) The court specifically found that is was "convinced from [the defendants' submitted evidentiary materials] that they do have an effective hold policy in place. Now, as I understand it . . . they do not have an auto-delete function on their email system in the sense that in every so many days an email is deleted. . . . It is not a total wipe to the system." (*Id*.) In their Motion for Sanctions, the plaintiffs once again argue that after February 4, 2009, the defendants deleted and failed to preserve thousands of

---

[2] Shortly after the filing of the Motion, the court entered an order granting an extension of the discovery deadline. (Doc. No. 404.)

emails and failed to implement an adequate litigation hold. (Doc. No. 401.) The court has reviewed all of the litigation hold letters provided by the Defense and once again concludes that the defendants have an effective litigation hold policy in place. The court's determination that the defendants have adequately preserved email on their system also remains unchanged. This court therefore concludes that the defendants' actions are not demonstrative of bad faith.

Finally, even assuming *arguendo* that the defendants are somewhat culpable, the degree of prejudice to the plaintiffs is minimal. As previously discussed, the plaintiffs have received thousands of emails and other documentation from the defendants on a routine basis throughout this litigation. In their Motion for Summary Judgment (Doc. No. 369), as well as their Response to the Motion for Summary Judgment filed by the defendants (Doc. No. 381), the plaintiffs argued their positions without any indication that emails which are crucial to their claims have been withheld from them. Although the plaintiffs argue that "the only logical conclusion is that [the defendants] permanently deleted" responsive emails after litigation (Doc. No. 410, p. 15.), their argument rests upon speculation that important documents existed but were destroyed. The plaintiffs, however, have failed to adduce any evidence that any key documents existed but were spoliated. In order to impose sanctions against the defendants, this court "would have to substitute Plaintiffs' speculation for actual proof that critical evidence was in fact lost or destroyed." *In re Delta/Airtran Baggage Fee Anti-Trust Litigation*, 770 F. Supp. 2d 1299, 1309 (N.D. Ga. 2011). Based on the foregoing, this court concludes that the

Motion for Sanctions filed by the defendants is due to be denied.

### IV.  Conclusion

Accordingly, it is

ORDERED as follows:

(1) The Motion for Sanctions filed by the plaintiffs be and is hereby DENIED. (Doc. No. 401.)

(2) The Motion to Strike Exhibits "M" and "N" to Plaintiffs' Motion for Sanctions filed by the defendants be and is hereby DENIED. (Doc. No. 421.)

(3) The Motion for Protective Order filed by the defendants be and is hereby DENIED as moot. (Doc. No. 434.)

DONE this 9th day of March, 2012.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE