IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| DANNY LYNN ELECTRICAL & PLUMBING, LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> VEOLIA ES SOLID WASTE SOUTHEAST, INC., et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> CIVIL ACTION NO. <br> 2:09cv192-MHT <br> (WO) |

OPINION AND ORDER

It is ORDERED that the plaintiffs' objections (Doc. No. 436) are overruled and that the magistrate judge's order (Doc. No. 435) is affirmed.

***

The court adds these comments. "A district court reviewing a magistrate judge's discovery order is, in general, limited by statute and rule to reversing that order only if it is 'clearly erroneous or contrary to law,' 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a)-- or, to put it another way, in the absence of a legal

error, a district court may reverse only if there was an 'abuse of discretion' by the magistrate judge." Dees v. Hyundai Motor Mfg. Ala., LLC, 524 F. Supp. 2d 1348, 1350 (M.D. Ala. 2007) (Thompson, J.).  However, under any standard of review (whether it be an abuse of discretion, clear error, or de novo) and based upon a thorough review of the record, the court believes the order of the magistrate judge should be affirmed and therefore the plaintiffs' objections overruled.

In his order, the magistrate judge gave three reasons for not imposing discovery sanctions upon the defendants. First, the magistrate judge was not convinced that spoliation actually occurred.  Second, assuming that spoliation had occurred, the magistrate judge was not convinced that there had been bad faith, which the magistrate judge reasoned would be necessary to issue some form of discovery sanction.  Third, assuming both that there was spoliation and that the defendants acted in bad faith, the magistrate judge concluded that the plaintiffs had not demonstrated prejudice.

The court affirms on the basis of the first two reasons: this court is not convinced that spoilation actually occurred and further concludes that, if it did, there was no bad faith.  See Ramsey v. Gamber, 2011 WL 486139, at * 5 (M.D. Ala. Feb. 7, 2011) (Thompson, J.) (quoting Bashir v. AMTRAK, 119 F.3d 929, 931 (11th Cir. 1997)); Vanliner Ins. Co. v. ABF Freight Sys., 2012 WL 750743, at *1 n.2 (M.D. Fla. Mar. 8, 2012) (Smith, M.J.).

At the same time, with regard to prejudice, the court is concerned that the magistrate judge's order could be read to imply that the plaintiffs were required to demonstrate what was contained in the allegedly deleted emails in order to establish prejudice.  In the case of destroyed evidence, however, only the party engaged in the destruction will typically know how much prejudice has been caused by her destructive act.  Cf. Evans v. Mobile County Health Department, 2012 WL 206141, at *12 (M.D. Ala. Jan. 24, 2012) (Cassady, M.J.). (explaining that the "plaintiff's willful disregard of her obligation

3

to preserve evidence has inhibited the production of evidence that may have been harmful to her case such that whether the spoliated evidence would, in fact, have been detrimental is irrelevant since no one, other than perhaps Evans herself, can know for certain"); <u>Brown v. Chertof</u>, 563 F. Supp. 2d 1372, 1379 (S.D. Ga. 2008) (Edenfield, J.) ("To require a party to show, before obtaining sanctions, that <u>unproduced</u> evidence contains damaging information would simply turn 'spoliation law' on its head."); <u>Telectron, Inc. v. Overhead Door Corp.</u>, 116 F.R.D. 107, 133 (S.D. Fla. 1987) ("While it is now impossible to determine precisely what or how many documents were destroyed, the bad faith destruction of a relevant document, by itself, 'gives rise to a strong inference that production of that document would have been unfavorable to the party responsible for its destruction.'" (quoting <u>Coates v. Johnson & Johnson</u>, 756 F.2d 524, 551 (7th Cir. 1985)).

**Nonetheless, despite this concern, the first two bases for denying the plaintiffs' request for discovery sanctions are sufficient, on their own, to conclude that the magistrate judge did not abuse his discretion.**

**DONE, this the 4th day of May, 2012.**

**  /s/ Myron H. Thompson  
UNITED STATES DISTRICT JUDGE**